Vincent F. Kirsch,
Act. P. J. The defendant was charged with unlicensed operation of a motor vehicle on Glen Street in Massena, N. Y. on July 17, 1957.
Officer Green testified that on the day in question he stopped the defendant while he was operating a motor vehicle and asked him to produce a registration and operator’s license. At that time the defendant produced only a Tennessee license showing that he was a licensed driver in that State. The officer further testified that he definitely had seen the defendant operating a motor vehicle some time between June 1, 1957 and June .20, 1957 in the village of Massena and that at this prior time he told the defendant that he would have to obtain a New York State driver’s license, that said defendant did say that he would apply for one. The officer further stated that it was possible that the defendant could have been in Massena during April or May of 1957. It is further significant that the defendant did not produce any New York State driver’s license at the time he was placed under arrest or immediately thereafter when he *502 was taken to Massena police station. There was evidence however that after the uniform traffic ticket had been given to him that he produced a valid junior operator’s license for the State of New York.
The People rested their case on this evidence and, there being no motions for dismissal, thereafter the defendant called two witnesses to the stand.
A driver must possess a valid driver’s license to comply with the requirements of paragraph a of subdivision 4 of section 20 of the Vehicle and Traffic Law. Failure to exhibit a driver’s license to any police officer is presumptive evidence that a person is not duly licensed under the Vehicle and Traffic Law (§ 20, subd. 1, par. e). A nonresident entitled to operate a motor vehicle in a foreign State who shall become a resident of this State may operate a motor vehicle here for a period not exceeding 30 days pending the obtaining of a license to operate the vehicle in accordance with the laws of this State. (Vehicle and Traffic Law, § 51, subd. 2.)
A junior operator’s license shall automatically become a regular operator’s license when the licensee reaches the age of 18 years (Vehicle and Traffic Law, § 20, subd. 1, par. c).
The first factual question is one of the defendant’s presence in New York State for a period in excess of 30 days. The People sustained the burden of proof by the unimpeached testimony of officer Green to the effect that said Utsman to as definitely here in early June and probably even in the months of April or May preceding.
The next point concerns the offense. It was clearly established by the People that the defendant failed to exhibit a valid license when demand was made for it by officer Green.
The defense raised some doubt on the question of residence in this State but this court finds the most credible evidence of the defendant himself to be that he did come here in early Spring of 1957 and established residence with his parents in the village of Massena. The defendant also admitted that he failed to produce his New York license when arrested. At this point in the trial the statutory presumption (Vehicle and Traffic Law, § 20, subd. 1, par. e) still unequivocally remained to the end that on the street in question the defendant did not prove that he was duly licensed to drive. The testimony of the neighbor is inconclusive on the issue raised.
Therefore, this court holds that where a person fails to produce his driver’s license, after proper demand therefor by a police officer, said person is guilty of violating paragraph a of subdivision 4 of section 20 of the Vehicle and Traffic Law. *503 This too, even though in fact he had a valid license on his person. The undisputed essential fact in this ease is that the defendant did not produce the license when asked for it by officer Green. To hold otherwise would render the law unen-forcible and absurd. It would render law enforcement agents subject to harassment and permit persons to disobey statutory mandates. A person could keep his license in his pocket until after his liberty had been restricted and then claim unreasonable infringement thereof. These untoward ends were obviously not intended.
The court finds the defendant guilty as charged. Sentence to be imposed in 10 days.