98 N.J. Super. 258 (1967)
236 A.2d 891
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CALVIN HORTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1967.
Decided December 18, 1967.
*259 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. Walter R. Gottschalk for appellant.
*260 Mr. William J. Cunnane, Assistant Prosecutor, for respondent (Mr. James A. Tumulty, Jr., Hudson County Prosecutor, attorney).
PER CURIAM.
This is an appeal from a judgment of conviction of possession of a dangerous knife, N.J.S. 2A:151-41, entered upon a jury verdict.
Out of the presence of the jury the State made an offer of proof that on August 15, 1966 defendant was observed in the act of shoplifting by a security officer employed in a store operated by Two Guys from Harrison. He detained defendant and telephoned the Kearny Police, informing them that he wished to sign a complaint for shoplifting. The police responded.
The essential proofs presented to the jury were that defendant, detained by the police, left the store and was walking with police officer Matthewson toward a police car when he shoved the officer to the ground and ran away. Matthewson pursued defendant and apprehended him. A scuffle ensued as Matthewson and his fellow officer Brennan undertook to subdue defendant and retain him in custody. According to the officers, in the course of the struggle defendant attempted to reach into his right back pocket. After defendant was subdued the officers searched him and found in that pocket a knife which forms the basis of the indictment. The knife, which was produced on oral argument. may be described as follows. It is a folding knife consisting of one blade which is approximately 4 1/2 inches long. Honing has narrowed the blade and caused it to come to a sharp point. When open the blade and handle are approximately nine inches long.
Initially, defendant argues that he was the victim of an unlawful search and consequently that a motion, timely made prior to a previous trial, to suppress the knife as evidence should have been granted. He relies heavily upon the testimony of the officers that they did not place him under *261 "arrest," and for that reason, he argues, the search was not incidental to a lawful arrest. We think otherwise.
Although the policemen did not use the technical word "arrest," they deprived defendant of his freedom when they apprehended him as he attempted to escape while being escorted to the police car. Restraint of a defendant's person and restriction of his freedom of movement by the police constitute an arrest. State v. Doyle, 42 N.J. 334, 342 (1964). See also State v. Contursi, 44 N.J. 422, 433 (1965).
Next, defendant argues that N.J.S. 2A:151-41 proscribing, inter alia, possession of a "dangerous knife" suffers the constitutional infirmity of vagueness. We disagree. When "dangerous knife" is read in the context of the statute, which likewise prohibits the carrying of "any dangerous instrument of the kinds known as a blackjack, slung shot, billy, sandclub, sandbag, bludgeon, metal knuckles, cestus or similar leather band studded with metal for fitting on the knuckles, * * * dagger, dirk, dangerous knife or knife as defined in chapter 5 of the laws of 1952 [switchblade knife], stiletto, grenade, bomb or other explosive, other than fixed ammunition * * *," it is readily seen that what the Legislature contemplated was a knife dangerous to life or human safety; one by the use of which a fatal wound may probably or possibly be given. Compare the definition of "dangerous weapon" in Black's Law Dictionary (4th ed. 1951), p. 471. For that reason we are unwilling to declare the statute in question to be unconstitutionally vague.
In furtherance of his attack upon the constitutionality of the statute defendant argues that it fails to provide any standard for the determination of whether a knife is or is not dangerous. We think that the statute itself provides a guideline by the categorization contained in it, as above set out. In this case the trial judge read to the jury the pertinent sections of the statute and the jury had before it the knife. The court then charged that it was for the *262 jury to say whether in light of the statute the knife was a dangerous knife under the circumstances attending the taking of it from defendant. In our view the charge provided sufficient direction for a jury to make a reasoned determination of the question presented to it, and that the issue was properly submitted to the jury.
We have carefully considered defendant's remaining points and find them to be without merit.
Affirmed.