Harold Fertig, J.
At the end of the People’s case, at the trial for failure of the defendant to produce his license in violation of section 509 of the Vehicle and Traffic Law, defendant made a motion to dismiss for the failure of the People to prove a prima facie case.
The defendant was stopped by the complainant police officer and a request was made for his driver’s license, registration and insurance card, none of which were produced. There were two young girls who were passengers in the vehicle driven by the defendant at the time he was stopped, neither one of whom was questioned by the police officer. As a result of the failure of the defendant to show the proper ownership of the vehicle which he was driving, he was arrested and brought to police headquarters. It was not until that time when he advised the police that he actually had a learner’s permit in his possession and produced same. The passengers originally *372 in the vehicle were no longer with the defendant. In addition to the motion made by the defendant to dismiss for failure of proof, defendant also made a motion to dismiss pursuant to CPL 100.25 on the ground that the People did not file and serve upon the attorney for the defendant a supporting deposition in accordance with the demand made by the defendant’s attorney. Said demand was made by letter on September 26, 1975, more than 30 days after defendant’s plea of not guilty. That motion was accordingly denied.
The question now before the court concerns the burden of proof of the People in this action and whether that burden shifted to the defendant. Defendant argues that the People are required to prove not only that the defendant did not produce an operator’s license, but that since a learner’s permit was subsequently produced, the People were required to prove also that the defendant was not operating the vehicle in accordance with the requirements of the Vehicle and Traffic Law for the use of a learner’s permit. Defendant argues that it would be necessary for the People to prove that none of the passengers in the vehicle were acting as loco parentis in conformance with the Vehicle and Traffic Law. Defendant has submitted a memorandum of law without citation which is of little aid to the court.
The failure to exhibit a driver’s license to a police officer has been held to be presumptive evidence that a person is not duly licensed under the Vehicle and Traffic Law. (People v Utsman, 8 Misc 2d 501.) Such failure to produce a license even though in fact he had a valid license on his person does not alter the violation, and so a prima facie case was established. The presumption, of course, can be rebutted.
The standards of proof for a traffic violation are no different than they are with any criminal case. (Matter of Rosenthal v Hartnett, 71 Misc 2d 264.) The burden of going forward in criminal cases may be placed on the defendant and it will be a justifying reason to shift the burden because the knowledge of the facts is peculiar to the defendant. (People v Laietta, 30 NY2d 68.) In the case of People v Bornholdt (33 NY2d 75, 84), the court stated, "Rather, what is involved is a subtle balance which acknowledges first that the prosecution adduce sufficient evidence to support the accusation. Beyond this, a point is perceived where it becomes fair to call upon the defendant to prove his claim of defense, as where there is a 'manifest disparity in convenience of proof and opportunity for knowl *373 edge’”. In the instant case, the People could not be required to prove what they did not know and which information was peculiarly within the knowledge of the defendant. The court finds beyond a reasonable doubt that the defendant was in violation of section 509 of the Vehicle and Traffic Law. If the defendant wished to show that he was operating with a learner’s permit, the burden shifted to him to prove that the learner’s permit was being used in compliance with the requirements of the Vehicle and Traffic Law, and the defendant not having shown that a person acting in a capacity of loco parentis accompanied him in accordance with the statute has failed to meet that shifted burden. The People have made out their prima facie case, and the court finds the defendant guilty. The matter is set down for sentencing on December 9, 1975 at 9:30 a.m. Defendant is continued released in his own custody until that time.