153 N.J. Super. 346 (1977)
379 A.2d 858
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM HAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 3, 1977.
Decided October 19, 1977.
*347 Before Judges ALLCORN, MORGAN and HORN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Gerald P. Boswell, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Richard W. Berg, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
At issue in this appeal is whether proof of possession of a machete is, without consideration of the circumstances in which it was possessed, an offense condemned by N.J.S.A. 2A:151-41(c).
In this nonjury trial the evidence disclosed that when the vehicle driven by defendant was stopped for a traffic violation *348 (overdue inspection) the machete was found in plain view in the rear of the car. Defendant explained to the officer that he used the machete in connection with fishing and hunting and that he and his wife, who was a passenger in the car at the time, were on their way to a charter boat to go fishing. Fishing tackle and knives were found in the trunk of the car. The trial judge concluded that a machete was dangerous per se, that its possession was proscribed by N.J.S.A. 2A:151-41(c), and that conviction for its possession was warranted without any finding of defendant's intention to use it as an offensive weapon. Indeed, he made no finding as to defendant's intended use of the instrument.
Defendant contends in substance that a machete is capable of innocent as well as hostile uses, as are most types of knives, and that the uncontradicted proofs at trial disclosed that his intended use thereof was innocent. Refusal of the trial judge to consider the intent with which the machete was admittedly possessed and the denial of defendant's motion for acquittal are assigned as errors. We agree.
State v. Green, 62 N.J. 547, 560 (1973), holds that circumstances surrounding possession "of an otherwise useful pocketknife or the like" are relevant to a determination whether N.J.S.A. 2A:151-41(c) has been violated. If such circumstances "indicate that the purpose of carrying the instrument is its use as a weapon," then a conviction for possession thereof is warranted. If such circumstances, however, disclose that its possession was for innocent purposes, then a conviction is unjustified. This holding is not, as the trial judge concluded, confined to pocketknives; Green cannot be read so restrictively. Rather it applies to those types of knives which, although potentially lethal when used as weapons, are nonetheless capable of beneficent and otherwise innocent uses. For example, a housewife purchasing a meatcleaver from the neighborhood hardware store is not violating N.J.S.A. 2A:151-41(c) when she carries the knife home on her person or in her car even though such a *349 knife is not like a pocketknife, unless the evidence disclosed her intention to use the instrument as a weapon and not to cut meat. So in the present case, although a machete is clearly capable of inflicting serious harm if used offensively, it also is capable of entirely innocent uses. With such a "knife," capable of both innocent and hostile uses, proof of circumstances surrounding a defendant's possession when offered must be considered by the trier of the fact in determining guilt of the charge.
Here, the uncontradicted proofs disclosed that defendant, in the company of his wife, was found in possession of a machete when stopped in Asbury Park, a shore community. Defendant's wife testified that she and her husband had planned to go fishing after they had eaten dinner. In the trunk there was a newly purchased bag of tackle and a fishing box which contained "hooks, bait, bobbers * * * stuff like that for the fishing pole." She explained that the machete was used during surf fishing for "cutting up firewood" and that the other knife found in the trunk was a "filleting knife" used by her husband for cutting and cleaning fish. Defendant's testimony substantially echoed that of his wife. Such evidence clearly raised the issue as to the nature of the intent with which defendant possessed the machete and the trial judge was obliged to consider it in determining defendant's guilt of the charge.
The trial judge properly concluded that there was no proof that defendant was carrying the machete for use as a weapon. The uncontradicted evidence, both testimonial and tangible, direct and circumstantial, was that the machete was intended for use in connection with defendant's fishing and hunting activities. In these circumstances, we conclude that the trial judge erred in denying defendant's motion for an acquittal. State v. Moffa, 42 N.J. 258, 263 (1964).
The conviction is vacated and a judgment of acquittal entered.