UNITED STATES of America ex rel.
Joseph COROZZO, Petitioner,

v.

ATTORNEY GENERAL OF the STATE
OF NEW YORK, Respondent.

No. 78 C 2721.

United States District Court,
E. D. New York.

April 18, 1979.

Koopersmith, Feigenbaum & Potruch, Lake Success, N. Y., by Alexander Potruch, Lake Success, N. Y., for petitioner.

Patrick Henry, Dist. Atty. of Suffolk County, Riverhead, N. Y., by Francis W. Rhinow, Greenport, N. Y., for respondent.

## MEMORANDUM DECISION
## AND ORDER

SIFTON, District Judge.

Petitioner was sentenced to a term of one-year imprisonment for criminal usury following conviction by a jury in Suffolk County. Petitioner's conviction was unanimously affirmed by the Appellate Division, *People v. Corozzo,* 399 N.Y.S.2d 158 (2d Dept. 1977), and by the New York Court of Appeals. *People v. Iannone,* 45 N.Y.2d 589, 384 N.E.2d 656, 412 N.Y.S.2d 110 (1978).

Petitioner now seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The petition raises five grounds for relief: (1) the indict-

ment failed to state facts constituting a crime; (2) the indictment failed to alert the petitioner as to the facts which were being pleaded against him; (3) the court lacked jurisdiction; (4) petitioner was convicted of a crime without proof of every element; and (5) N.Y. Penal Law § 190.40 is unconstitutional.

■ The first four grounds raised by petitioner were raised on appeal and thus, with a limited exception discussed below, they are ripe for decision by this Court. The fifth ground, the constitutionality of the New York usury statute, was not raised on appeal, has not been presented to the state courts in any collateral proceeding and is, thus, not ripe for decision by this Court. Petitioner states that this ground "was not raised in the state court inasmuch as the language of the indictment itself, which merely couched the language of the statute, was attacked on constitutional grounds." Petition p. 5. Because petitioner is now presenting a claim which was not "fairly presented" to the state courts, he must first present that claim to the state courts. *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Petitioner's fifth ground is, thus, dismissed for failure to exhaust state remedies.

Petitioner's first three grounds are interrelated. They all deal with the sufficiency of the indictment. They were presented to the New York Court of Appeals as a single issue and will be dealt with together here.

■ Petitioner did not raise the issue of sufficiency of the indictment at trial or before the Appellate Division. It was raised for the first time before the New York Court of Appeals. *People v. Iannone, supra,* 384 N.E.2d at 663–64, 412 N.Y.S.2d at 117–18. The Court of Appeals held the defect in the indictment was not jurisdictional, petitioner had not alleged actual prejudice and that, therefore, by not timely objecting to the claimed defect, petitioner had waived his right to object and failed to preserve any issue of law for review. *Id.* The failure of petitioner to comply with the state procedural requirement that he object

to the indictment prior to trial constitutes an independent and adequate state ground and, under recent decisions of the Supreme Court, bars the granting of relief in this proceeding. *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson,* 425 U.S. 536, 538–42, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

■ Despite finding that the petitioner had waived his right to object to the sufficiency of the indictment, the Court of Appeals nevertheless considered the merits of his claim and following an extensive discussion of the history of the indictment in New York, concluded that the indictment was sufficient. *People v. Iannone, supra,* 384 N.E.2d at 659–63, 412 N.Y.S.2d at 113–17. Because the constitutional requirement of a grand jury indictment is not applicable to the states, *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884), the issue of the sufficiency of the indictment is largely one of state law, subject only to the general fourteenth amendment guarantees of due process. *Peters v. Kiff,* 407 U.S. 493, 496, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972).

■ The only issue with respect to the indictment which appears to raise an issue of due process is petitioner's allegation that "[b]y reason of the failure of the indictment to identify the charge sufficiently, the Petitioner was unable to prepare a defense against the charge." This appears to be a claim of actual prejudice. However, that the lack of specificity in the indictment in fact hampered petitioner's trial preparation seems highly questionable in light of the fact that the petitioner did not even complain about the sufficiency of the indictment until after trial. Moreover, this Court cannot consider this aspect of petitioner's claim because this issue has not yet been presented to the state courts. The opinion of the Court of Appeals clearly states that petitioner was not alleging prejudice as a result of the alleged insufficiency of the indictment. *People v. Iannone, supra* 384 N.E.2d at 664, 412 N.Y.S.2d at 118. The Court of Appeals rested its holding in part on the fact that "there are no claims of

actual prejudice." *Id.* After reviewing the briefs on appeal this Court does not agree with petitioner's contention, Potruch Affirmation at 14, that the claim of actual prejudice was in fact before the Court of Appeals. Because petitioner has not exhausted his state remedies with respect to his claim that he was actually prejudiced by the alleged insufficiency of the indictment, the petition must, in any event, be denied insofar as it rests on this ground. *Picard v. Connor, supra.*

Petitioner's fourth ground also lacks legal merit. The statute under which petitioner was convicted provides that:

"A person is guilty of criminal usury when, *not being authorized or permitted by law to do so,* he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five percentum per annum or the equivalent rate for a longer or shorter period."

N.Y.Penal Law § 190.40 (emphasis added). Petitioner contends that the fact that he was not authorized or permitted by law to charge interest at a rate exceeding 25 percent was an essential element of the crime and because no proof on this issue was offered at trial, petitioner was convicted in contravention of the fourteenth amendment requirement that every fact necessary to constitute the crime charged be proven beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In his charge the trial judge stated that:

"There has been no proof that the defendants are authorized or permitted by law to loan money at greater than 25 percent per year interest. Therefore, if you find that the defendants did loan at the rate of interest charged by the People's witness, you may find the defend-

ant, or both of them, guilty of Criminal Usury." (Tr. 840).[1]

The Court of Appeals' Opinion held that "[t]he trial court's instructions to the jury were neither inconsistent nor erroneous, especially in light of the absence of any claim or indication that defendant Corozzo might have been authorized by law to charge a higher interest rate." 384 N.E.2d at 664, 412 N.Y.S.2d at 118.

The clear implication of the decision of the Court of Appeals is that lack of authorization to charge higher interest is not an element of the crime which must be established by the prosecution, but is instead a matter which the defendant must put in issue. The brief and rather cryptic statement by the Court of Appeals does not state whether the court believed authorization to be a defense, an affirmative defense,[2] or some other variety of contention on which the defendant has the burden of going forward. Whether the question of authorization is properly characterized as a defense or as something else is a matter of state substantive law which cannot be the basis for federal habeas review. What this Court must decide is whether the shifting of the burden of going forward on this issue to the defendant violated his constitutional rights.

It frequently has been held in federal courts that, when a criminal statute contains exceptions which take out of the scope of the statute conduct which otherwise would fall within its terms, the prosecution is not required initially to negate the exceptions, but rather the defendant must come forward with at least enough evidence to create a real issue as to whether or not he is entitled to the benefit of the exception he invokes. *E. g., United States v. Paulton,* 540 F.2d 886 (8th Cir. 1976); *United States v. Chodor,* 479 F.2d 661 (1st Cir.), *cert. denied,* 414 U.S. 912, 94 S.Ct. 254, 38

---

1. This portion of the judge's charge was not excepted to by petitioner's trial counsel. (Tr. 845–48).

2. New York Penal Law § 25.00 provides for both "defenses" on which the prosecution has the burden of persuasion beyond a reasonable doubt and "affirmative defenses" on which the defendant has the burden of persuasion by a preponderance of the evidence. Defendants have the burden of putting in issue both "defenses" and "affirmative defenses."

L.Ed.2d 151 (1973); *United States v. Holmes*, 187 F.2d 222 (7th Cir.), *cert. denied*, 341 U.S. 948, 71 S.Ct. 1015, 95 L.Ed. 1372 (1951). Such a shifting of the burden of going forward is not unconstitutional. *United States v. Paulton, supra* at 892. New York courts have similarly placed on defendants in some cases the burden of going forward on the applicability of some statutory exceptions to crimes. *See, e. g., People v. Tarlow*, 249 App.Div. 224, 291 N.Y.S. 998 (1st Dep't 1936); *People v. Wapner*, 84 Misc.2d 371, 375 N.Y.S.2d 789 (Co.Ct. 1975). Similarly, in cases of defenses involving facts the knowledge of which is peculiar to the defendant, New York law may shift the burden of going forward to the defendant. *People v. Laietta*, 30 N.Y.2d 68, 281 N.E.2d 157, 330 N.Y.S.2d 351, *cert. denied*, 407 U.S. 923, 92 S.Ct. 2471, 32 L.Ed.2d 809 (1972). Shifting the burden of going forward on a defense is also not unconstitutional.[3]

■ The decision of the Court of Appeals in this case, which does no more than require that the defendant in a usury prosecution put in issue the question of his authorization to charge interest at rates exceeding 25%, does not violate due process.

For the reasons discussed above this Court finds that the petition provides no basis for federal habeas relief. The Clerk is directed to enter judgment dismissing the petition.

SO ORDERED.

**3.** There is no suggestion in the Court of Appeals' Opinion that, if the question of authorization was put in issue by the defendant, the prosecution would not bear the burden of disproving authorization beyond a reasonable doubt. It is the question of shifting the burden of persuasion, not the question of shifting the burden of raising the issue, which has been the subject of recent constitutional debate. *See, e. g., Patterson v. New York*, 432 U.S. 197, 215, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). The Supreme Court currently holds that the prosecution must bear the burden of persuasion beyond a reasonable doubt on some affirmative defenses, while the defense may be required to prove others by a preponderance of evidence. *Compare Mullaney v. Wilbur*, 421 U.S. 684, 95

S.Ct. 1881, 44 L.Ed.2d 508 (1975), *with Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Both those who argue that the defendant may be required to bear the burden of persuasion on some defenses and those who argue that the prosecution must always bear the burden of persuasion agree, however, that on certain issues the state may shift to the defendant the burden of putting the matter in issue while retaining the requirement that the prosecution bear the burden of proof once the defendant places the matter in issue. *Compare Patterson v. New York*, 432 U.S. 197, 211, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1978) (majority opinion), *with Patterson v. New York*, 432 U.S. 197, 230–32, 97 S.Ct. 2319, 53 L.Ed.2d 281 (Powell, J., dissenting).