181 N.J. Super. 71 (1981)
436 A.2d 569
STATE OF NEW JERSEY, PLAINTIFF,
v.
GREGORY DUNLAP, DEFENDANT, AND STATE OF NEW JERSEY, PLAINTIFF,
v.
GUY TROY WILCOX, DEFENDANT, AND STATE OF NEW JERSEY, PLAINTIFF,
v.
KEVIN M. GEE, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided July 22, 1981.
*73 William Smith, Assistant Prosecutor, for plaintiff (Richard S. Rebeck, Prosecutor of Middlesex County, attorney).
David Bunevich, Assistant Deputy Public Defender, for defendants Dunlap and Wilcox (Walter Bielanowski, Deputy Public Defender, attorney).
Robert Obler, Assistant Deputy Public Defender, for defendant Gee (Walter Bielanowski, Deputy Public Defender, attorney).
Neil M. Cohen, Assistant Deputy Public Defender, amicus curiae (Walter Bielanowski, Deputy Public Defender, attorney).
DEEGAN, J.S.C.
This matter presents the court with an issue of first impression. Defendants in the above captioned cases have each brought a motion challenging the constitutionality of N.J.S.A. 2C:39-3(e), under which they were indicted. The cases have been consolidated for purposes of these motions.
The court, having now reviewed the briefs and oral arguments of the respective parties, makes the following findings of fact and conclusions of law.
On April 30, 1981, Gregory Dunlap was arraigned on Indictment 1196-80. The indictment alleged unlawful possession of heroin, unlawful possession of heroin with intent to distribute, *74 and unlawful possession of a gravity knife, in violation of N.J.S.A. 2C:39-3(e).
Guy Wilcox was arraigned on Indictment 1084-80 on April 16, 1981. The indictment alleged unlawful possession of a gravity knife, in violation of N.J.S.A. 2C:39-3(e), and unlawful possession of a gravity knife with the purpose of using it against another, in violation of N.J.S.A. 2C:39-4(d).
Kevin Gee, on April 30, 1981, was arraigned on Indictment 1088-80. The indictment alleged unlawful possession of a knife, in violation of N.J.S.A. 2C:39-5(d), and unlawful possession of a blackjack, in violation of N.J.S.A. 2C:39-3(e).
All the defendants submitted identical briefs attacking the constitutionality of N.J.S.A. 2C:39-3(e). Wilcox's brief did not challenge his indictment under N.J.S.A. 2C:39-4(d), nor did Gee's brief seek dismissal of his indictment under N.J.S.A. 2C:39-5(d). Likewise, their oral arguments addressed only N.J.S.A. 2C:39-3(e). A fourth defendant, Gregory Mustakas, was to have been consolidated under this motion. His motion questioned the constitutionality of both N.J.S.A. 2C:39-3(e) and N.J.S.A. 2C:39-5(d). However, prior to the return date of this motion Mustakas was acquitted. The court permitted his attorney to submit a brief and present oral argument as an amicus curiae, limited to the issue presented, the constitutionality of N.J.S.A. 2C:39-3(e).
Defendants attack the statute on the grounds that it unconstitutionally shifts the burden to the defendant; it raises an unlawful presumption in violation of due process; it permits a jury to decide issues of law and it is unconstitutionally vague. The court will address the arguments in that order.
At the outset, it is noted that "[l]egislative enactments are presumed to be valid and the burden on the proponent of invalidity is a heavy one." Velmohos v. Maren Engineering Corp., 83 N.J. 282, 295 (1980); Smith v. Penta, 81 N.J. 65 (1979), *75 app. dism., 444 U.S. 986, 100 S.Ct. 515, 62 L.Ed.2d 416 (1979); Grand Union Co. v. Sius, 43 N.J. 390 (1964).
N.J.S.A. 2A:151-41(c),[1] the predecessor statute to N.J.S.A. 2C:39-3(e), proscribed the possession of certain enumerated dangerous instruments considered dangerous per se by the Legislature. The State had the burden of proving beyond a reasonable doubt that defendant knowingly possessed an instrument named in the statute. N.J.S.A. 2A:151-41(c) further prohibited the possession of a "dangerous knife." In the latter instance, in addition to proving that the accused knowingly possessed a knife, the statute was interpreted as requiring the State to establish from the circumstances that the knife was dangerous in that it was carried for its use as a weapon. State v. Best, 70 N.J. 56 (1976); State v. Green, 62 N.J. 547 (1973). Where the State needed to prove the knife was dangerous under the circumstances, the courts held that the accused should have an opportunity to go forward and explain why it was not dangerous under the circumstances. State v. Green, supra at 561; State v. Hay, 153 N.J. Super. 346 (App.Div. 1977), certif. den. 75 N.J. 600 (1978).
N.J.S.A. 2C:39-3(e) also prohibits the possession of certain weapons which are dangerous per se:

*76 Any person who knowingly has in his possession any gravity knife, switchblade knife, dagger, dirk, stiletto, billy, blackjack, metal knuckle, sandclub, slingshot, cestus or similar leather band studded with metal filings or razor blades imbedded in wood, without any explainable lawful purpose, is guilty of a crime of the fourth degree.
Under this statute the State must prove beyond a reasonable doubt that the defendant knowingly possessed one of the described weapons; once this is accomplished the State has met its burden. Unlike its predecessor, however, N.J.S.A. 2C:39-3(e) specifically affords an accused the opportunity to go forward with an explanation that his possession was for a lawful purpose. Furthermore, failure to present an "explainable lawful purpose" will not support a conviction because it is not a substantive element of the crime. See State v. Zito, 54 N.J. 206 (1969). Defendant, therefore, is given an escape hatch out of the statute.
The court rejects the contention that N.J.S.A. 2C:39-3(e) shifts the burden of proof to defendant. Rather, it places upon him the burden of going forward with evidence peculiarly within his knowledge. Courts have long recognized and upheld statutes shifting the burden of going forward with such evidence. See Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); United States ex rel. Corotto v. Attorney General of New York, 475 F. Supp. 707 (E.D.N.Y. 1979); State v. Hock, 54 N.J. 526 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970). See, also, United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); State v. Zito, supra. If defendant goes forth with an explanation of lawful purpose, the State has the burden to negate the claim.
Defendants argue that an impermissible presumption arises under the statute. Presumptions "must possess certain qualities of trustworthiness." Doe v. Trenton, 143 N.J. Super. 128, 132 (App.Div. 1976), aff'd 75 N.J. 137 (1977). Stated another way, the presumed fact must more likely than not flow from the *77 proved fact on which it depends. Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); Tot v. United States, supra. In Doe v. Trenton, supra, the court recognized that "the effect of a presumption is this: proof of fact B (the proved fact) establishes a presumption of the truth of fact A (the presumed fact)." Id. at 131. Under N.J.S.A. 2C:39-3(e) proof of defendant's knowing possession of a proscribed weapon establishes the rebuttable presumption that defendant possessed it for its unlawful use as a weapon.
The Legislature has determined that the weapons listed in N.J.S.A. 2C:39-3(e) are so inherently dangerous that mere possession is prohibited. These are weapons per se and the presumption that they are in the defendant's possession for their use as a weapon logically flows from proof that they were in his possession. Nonetheless, in allowing the accused to offer an explainable lawful purpose, the Legislature has provided a means by which he may rebut the presumption against him. It is for the court to determine as a matter of law whether the proffered purpose is lawful. If the court determines it to be a lawful use, it will instruct the jury that, if they believe the explanation is fact, their verdict should be "not guilty." See United States v. Gainey, supra. Contrary to defendants' allegations, the jury is confined to consider issues of fact. This court finds no difficulty in upholding the rebuttable presumption posed in N.J.S.A. 2C:39-3(e).
Finally, defendants charge that the statute is unconstitutionally vague. A statute is unconstitutionally vague if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); United States v. Powell, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); United States v. Mazurie, 419 U.S. 544, 95 *78 S.Ct. 710, 42 L.Ed.2d 706 (1975); Bouie v. Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); United States v. National Dairy Products Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); State v. Smith, 46 N.J. 510 (1966).
N.J.S.A. 2A:151-41(c) was challenged for vagueness because it proscribed possession of a "dangerous knife." State v. Green, supra, saved the statute from unconstitutional vagueness by "interpret[ing] the statute to require proof of a criminal purpose in addition to proof of mere possession." United States ex rel. Ebron v. Attorney General of New Jersey, 377 F. Supp. 396, 400 (1974). See, generally, State v. Ebron, 122 N.J. Super. 552 (1973), certif. den. 63 N.J. 250 (1973); State v. Horton, 98 N.J. Super. 258 (1967), certif. den. 51 N.J. 393 (1968). N.J.S.A. 2C:39-3(e) avoids this infirmity by specifically detailing what weapons are prohibited.
The vagueness alleged in N.J.S.A. 2C:39-3(e) is in defining "explainable lawful purpose." Under the prior statute, when a defendant was charged with possession of a weapon which is not dangerous per se, the State was required to show it was dangerous under the circumstances, that the accused possessed the knife for its use as a weapon. The new statute proscribes only those weapons which are dangerous per se and thus relieves the state of showing possession is with intent to use it as a weapon. A commonsense reading of the statute allows an accused the opportunity to go forward with an explanation that he did not possess the instrument for its use as a weapon. In United States v. Powell, supra, the court said that "straining to inject doubt as to the meaning of words where no doubt would be felt by the normal reader is not required by the `void for vagueness' doctrine, and we will not indulge in it." Id. at 93, 96 S.Ct. at 320. This court concurs with that sentiment.
The court finds N.J.S.A. 2C:39-3(e) constitutional. The motions to dismiss indictments under the statute are denied.
NOTES
[1] N.J.S.A. 2A:151-41(c) provided:

Except as hereinafter provided, any person who carries, holds or possesses in any automobile, carriage, motor cycle or other vehicle, or on or about his clothes or person, or otherwise in his possession, or in his possession or under his control in any public place or public area:
........
c. Any dangerous instrument of the kinds known as a blackjack, slung shot, billy, sandclub, sandbag, bludgeon, metal knuckles, cestus or similar leather band studded with metal for fittings on the knuckles, loose wool impregnated with metal filings, or razor blades imbedded in wood slivers, daggers, dirk, dangerous knife or knife as defined in chapter 5 of the laws of 1952 (C.2A:151-62), stiletto, grenade, bomb or other explosive, other than fixed ammunition, except as such person may be licensed to carry, hold or possess explosives under the provisions of Title 21 of the Revised Statutes and amendments thereto, is guilty of a high misdemeanor.