154 N.J. Super. 479 (1977)
381 A.2d 1214
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DONALD M. McNEIL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 4, 1977.
Decided November 4, 1977.
Before Judges HALPERN, LARNER and KING.
*480 Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Thomas A. Pavics, Assistant Deputy Public Defender, on the brief).
David Linett, County Prosecutor of Somerset County, attorney for respondent (Craig Barto, Assistant Prosecutor, on the brief).
PER CURIAM.
This is an application for leave to appeal from the denial of the reduction of bail. Attached hereto is a copy of our disposition of the motion.

*481 Leave to appeal is granted pursuant to R. 2:11-2 and we proceed to the merits.
Bail heretofore fixed at $30,000 is reduced to $15,000, with the 10% cash bond provision in R. 3:26-4(a) to apply. This 25-year-old defendant is married and the father of three children. He has been a lifelong resident of Plainfield. His only prior conviction as an adult was for breaking and entering with intent to steal, for which offense he served 18 months. There also appears to be one juvenile delinquency conviction against him. He is confined on a complaint for an alleged robbery of a store while armed with a knife.
In denying a reduction of bail the trial judge said:
I don't think $30,000, ten percent, for an armed robbery is excessive bail. If it was $30,000 with no ten percent it might very well be, but not $30,000 and ten percent to apply for a charge of armed robbery. Mr. McNeil doesn't really score that well. He's got about 6 points. The motion is denied.
It is abundantly clear that bail was fixed with the predetermined intent that the 10% cash amount was the motivating force, not the $30,000 actually fixed. This approach is contrary to the Supreme Court's intent in adopting R. 3:26-4(a). The rule contemplates bail to be fixed in such reasonable amount as will ensure defendant's appearance at all stages of the proceedings until final determination of the matter. The 10% cash deposit program, as it is now operative, is not to be utilized in lieu of reasonable bail. Rather it is to empower the trial judge, in counties where the program has been approved by the assignment judge, to permit the posting of 10% "of the amount of bail fixed". This would avoid the necessity of paying for a surety bond and enable a defendant to get back his deposit on compliance with the terms of the recognizance.