163 N.J. Super. 27 (1978)
394 A.2d 142
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PAUL CASAVINA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 10, 1978.
Decided October 18, 1978.
*28 Before Judges FRITZ, BISCHOFF and MORGAN.
Mr. John J. Degnan, Attorney General of New Jersey, attorney for appellant (Mr. David S. Lieberman, Deputy Attorney General, of counsel and on the brief).
Messrs. Dietz, Allen & Sweeney, attorneys for respondent (Mr. John A. Sweeney on the brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This matter comes before us on the State's motion for leave to appeal an order in the trial court holding, in essence, that the trial judge had no discretion to deny defendant's application for release on 10% cash bail *29 under the county program and for a motion for stay pending appeal. We had granted a stay on an emergent basis. We advised the parties of our intention to grant leave to appeal and decide the appeal on the papers submitted in accordance with R. 2:11-2. Enjoined by the rule so to do, we offered an opportunity for oral argument which the parties waived.
The sole question presented in this matter of first impression is whether the implementation of a 10% cash bail program under R. 3:26-4(a) wholly and completely divests a judge of any exercise of discretion in connection with the application of a defendant to be released on the payment of 10% cash bail. The judge of the trial court answered that question affirmatively. We are in respectful disagreement with that determination.
Basic to a consideration of any of the delicate problems and conflicting policy concerns which continue to surface with respect to pretrial bail is a genuine recognition of at least three fundaments: (1) the primary purpose of such bail is to assure the presence of the accused at trial; (2) the constitutional right to bail must not be unduly burdened, and (3) the sound discretion of the trial judge is inexorably invoked toward the assurance of the achievement of the first two of these principles. State v. Johnson, 61 N.J. 351 (1972). We are of the opinion that to remove the discretion of the trial judge from the process is no more productive or permissible than would be the removal from consideration of the purpose of pretrial bail or alleviation of the constitutional right to it.
This being so, the only way in which this important element can remain a viable factor in the formula is to permit a conditioning of the right to 10% cash bail or, indeed, in the appropriate case, the disallowance of it. Otherwise the discretion of the trial judge is wholly unavailable to measure the likelihood of flight.[1] The only other manner in *30 which the exercise of discretion in this regard might be attempted would be a fixing of bail in the first place in an amount whereby 10% cash would be sufficient to motivate return, and we have already condemned that practice. State v. McNeil, 154 N.J. Super. 479 (App. Div. 1977).
Beyond the policy considerations which mandate this result, the plain language of R. 3:26-4 foresees as inevitably desirable the availability of judicial discretion in the bail process. For instance, the rule expressly permits the judge to require one or more sureties. Nothing limits the application of this prerogative to other than 10% cash bail situations. The right to impose an obligation to provide a surety (or several of them) reaches down into the 10% cash bail program, although in State v. Moncrieffe, 158 N.J. Super. 528 (App. Div. 1978) we left for another time an examination of the "special circumstances" under which this might be required.
Indeed, the very program here being considered acknowledges the desirability of a less than universal application of the 10% cash bail program. Expressly excluded from its operation are "cases involving persons from out of state charged with violations of (1) municipal ordinances, (2) disorderly persons statutes or (3) motor vehicle laws."
We are not insensitive to defendant's sound argument that the program involved clearly limits exclusions to those just quoted. There can be no doubt as to its apparent intention to make its application mandatory. We say only that sound public policy considerations prohibit this expansiveness which we find contrary to the intention of the rule and to established law as well. Our modification of the program consistent with all we have said heretofore can be achieved without condemning and abrogating the immense residual. See State v. Leonardis, 71 N.J. 85 (1976). We insist only that the program not be permitted to deprive the judge of an *31 ultimate exercise of his sound discretion when warranted by circumstances establishing that defendant is unlikely to return for trial if his only forfeiture would be the cash posted.
This is not at all to say that a trial judge may freely disregard the availability to a defendant of the 10% cash bail program. To the contrary: the program is presumed to be available to all defendants. The burden of proving grounds for exclusion by a preponderance of the evidence rests with the State. An application may thereafter be disallowed as an exercise of discretion only for sound reasons bottomed on sufficient findings specifically articulated by the trial judge.
Such a rule of law as we enunciate today does no harm at all to the program as envisioned by the rule. It leaves in full vigor the salutary purpose of the program, unquestionably available in all but occasional and more or less extraordinary circumstances. At the same time it insures the likelihood of the presence of a defendant for trial without an undue burden on his constitutional right to bail.
Our determination in this regard makes it unnecessary for us to consider the State's argument that a previous denial by the Supreme Court of an application for leave to appeal an order setting "the amount and terms of the bail" constituted a "prior adjudication of the applicability of the ten percent cash bail program to defendant."
We set aside the order appealed from and remand to the trial court for further proceedings in connection with defendant's application for admission to the 10% cash bail program consistent with the foregoing.
NOTES
[1] The factors warranting consideration in this admeasurement and the part they play in the setting of bail, release on which is said to be "not simply a formal or automatic matter," are set forth by Justice Francis in State v. Johnson, supra, 61 N.J. at 364-365.