STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DARYL
SINGLETON, DEFENDANT, GRACE HARRINGTON,
SURETY-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 16, 1981—Decided December 21, 1981.

Before Judges BISCHOFF, KING and POLOW.

*Patrick N. Budd,* Director, Legal Aid Society of Mercer County, attorney for appellant (*Thomas Rea* of counsel and on the brief).

*Paul T. Koenig, Jr.,* Mercer County Counsel, attorney for respondent (*Paul D. McLemore* of counsel and on the letter brief).

The opinion of the court was delivered by

KING, J. A. D.

This case presents again the question of the requirement of a surety in the routine administration of the 10% cash bail program.

On July 29, 1980 appellant Grace Harrington posted $400 as 10% cash bail for Daryl Singleton. He had been held in the Mercer County Jail under $4,000 bail to answer a criminal charge of possession of a weapon. After Singleton skipped pending trial, bail was forfeited and on county counsel's motion the Law Division judge entered judgment of $4,000 plus costs against both Harrington and Singleton. The judgment against Harrington, a welfare recipient, was entered over the objection of her Legal Aid Society counsel.

When posting the $400 cash to secure Singleton's release, Harrington signed a form entitled "Bail Order Receipt and Certificate." The body of the form contained language possibly construable that Harrington signed as a surety but the form was not completed and was without doubt incomprehensible to most layman.

In her unopposed affidavit presented to the Law Division judge in opposition to the application for judgment, Harrington

stated that "I gave $400 as bail for Daryl Singleton in order to get him out of jail." She had been asked by a friend to loan the money on the assurance he "would give it back to me as soon as he got out of jail." She did not know Singleton well. Upon release he promised her the $400 but was gone in a week. She concluded that "when I put up the money I understood that I might lose the $400 and nobody explained to me that I would be responsible for $4,000." We conclude without hesitation that the "Bail Order Receipt and Certificate" did not fairly alert her to responsibility for the $4,000.

■ We have previously reviewed the history of the 10% cash bail program in *State v. McNeil*, 154 *N.J.Super.* 479 (App.Div. 1977), and in *State v. Moncrieffe*, 158 *N.J.Super.* 528 (App.Div. 1978). As we stated in the latter case, "[t]he 10% cash bail program was intended to be in lieu of surety." *Id.* at 534. Only the defaulting defendant is liable for the additional 90% of the bail in the routine administration of the 10% cash bail program.

The original directive by Judge Horn initiating the pilot program in Atlantic County which has spawned a statewide 10% cash bail program disclosed the practice originally intended and generally followed in most vicinages.

> Under this system, bail will be set as it has been heretofore. Once the amount is set, however, the defendant shall be permitted to post directly an amount of ten percent of the bail, and shall execute a recognizance bond for the full amount.
>
> Upon compliance with the terms of the bond, and on the ultimate disposition of the case, the person posting the bail deposit shall be reimbursed in the full amount of the deposit. [Forman, "Atlantic County Ten-Percent Cash Bail Project," 1 *Crim. Just. Q.* 185, 192 (1973)]

■ We repeat our reminder that the 10% cash bail program "contemplates flexibility" in other than the routine case. *State v. Moncrieffe, supra* at 534. Our summary in *Moncrieffe* is equally applicable to the present situation and we repeat

> ... In the present cases the judge setting bail made no requirement of sureties. An exceptional case may arise where a bail judge may for a special reason wish to require surety in addition to the 10% cash, or corporate surety bail entirely, or real property bail, but in the routine administration of the cash bail program no sureties are required by our rules.

We understand it has been the practice in some counties where a person, other than the defendant, posts the 10% cash, that person is required to sign the recognizance as surety. This practice is unnecessary and undesirable. It should be discontinued. Compliance with *R.* 3:26–4(f) [1] is all that is necessary when cash is posted by a person other than the defendant.

We conclude that *R.* 3:26–5 is irrelevant to the routine administration of the 10% cash bail program. It does not come into play with respect to that program unless, and until, the bail judge specifically requires the posting of surety upon setting bail. Under what special circumstances a surety may be required in addition to or in lieu of the 10% cash we prefer to leave to the sound discretion of the assignment judges to whom the administration of the various programs is entrusted, especially since the question is not pertinent to this case.

[1]. "CASH DEPOSIT. When cash is deposited in lieu of bond by a person other than the defendant, the defendant shall file an affidavit as to the lawful ownership thereof and upon discharge, such cash may be returned to the owner named in the affidavit." [*Id.* at 535]

This was a routine case. Nothing was specifically required of Harrington when she posted the $400 for Singleton's release other than the 10% cash and the execution of the receipt.

The judgment of $4,000 and costs against Harrington is vacated.

Reversed.