212 N.J. Super. 599 (1986)
515 A.2d 1256
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, CROSS-RESPONDENT,
v.
LOIS SANDERS AND DONALD SANDERS, DEFENDANTS-RESPONDENTS, CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1986.
Decided October 1, 1986.
*601 Before Judges MORTON I. GREENBERG and J.H. COLEMAN.
Catherine A. Foddai, Deputy Attorney General, argued the cause for appellant, cross-respondent (W. Cary Edwards, Attorney General of New Jersey, attorney, Catherine A. Foddai, of counsel and on the letter briefs).
John R. Grele, Assistant Deputy Public Defender, argued the cause for respondents, cross-appellants (Alfred A. Slocum, Public Defender; attorney; Jacqueline E. Turner, Assistant Deputy Public Defender, of counsel and on the brief).
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
The novel question raised in the appeal filed by the State is whether bail pending an appeal by the State pursuant to N.J.S.A. 2C:44-1f(2) must be fixed simultaneously with the granting of a stay of the sentence. For the reasons which follow, we hold that where a defendant has been unable to post bail or whose bail has been revoked prior to sentencing, a stay of the sentence to permit the State to appeal requires the judge to set bail immediately after sentencing the defendant. Here, the bail was not set for 13 days following imposition of sentence. The State's appeal must therefore be dismissed.
Defendants pleaded guilty to six counts of a State Grand Jury Indictment, to wit: second degree theft by deception, *602 contrary to N.J.S.A. 2C:20-4; conspiracy, contrary to N.J.S.A. 2C:5-2; promoting gambling, contrary to N.J.S.A. 2C:37-2; possession of gambling records, contrary to N.J.S.A. 2C:37-3, and two counts of making gifts to members of the New Jersey State Police, contrary to N.J.S.A. 2C:27-6b. Each defendant was sentenced to concurrent five year probationary terms and as a condition of probation required to serve 364 days in the Ocean County Jail. Each defendant was also required to serve 400 hours of community service. Lois Sanders was fined $15,000 on the theft offense. Donald Sanders was fined $30,000 on the same count. The State has appealed and contends that the sentences are illegal.
Both defendants have cross appealed contending that:
1. THE STATE IS PRECLUDED FROM APPEALING DEFENDANTS' SENTENCES BECAUSE IT FAILED TO COMPLY WITH THE PROVISIONS OF N.J.S.A. 2C:44-1f(2) and R. 2:9-3(d) IN VIOLATION OF THE DOUBLE JEOPARDY PROVISIONS OF THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF NEW JERSEY.
2. DEFENDANTS' CUSTODIAL SENTENCES ARE LEGAL AND APPROPRIATE AND SHOULD BE AFFIRMED BY THIS COURT.
3. THE FINE IMPOSED ON [EACH] DEFENDANT MUST BE VACATED SINCE NO FINDING WAS MADE AS TO DEFENDANTS' ABILITY TO PAY, IN VIOLATION OF N.J.S.A. 2C:44-2c.
Prior to the entry of the retraxit pleas of guilty on June 11, 1985, defendants had been detained in the Ocean County Jail for failure to post bail. The following facts undergird the guilty pleas. In late 1980, Lois Sanders and her son Donald Sanders, arrived in New Jersey from California with the intention of establishing a "pyramid" scheme to defraud innocent investors of their money. Defendants located their operation in the Atlantic City area. They had successfully utilized similar schemes in the Los Angeles area. In furtherance of their scheme, defendants created Co-Op Investments (Co-Op) and issued statements alleging that Co-Op was a safe and secure investment program with minimal risks to investors. Interested *603 investors were assured that an initial investment of $650 would purchase a position at the bottom of the pyramid with an excellent opportunity to advance to the top of the pyramid where a $35,000 pay-off was possible. In order to induce participation in the scheme, defendants falsely claimed that a number of charitable organizations were planning to invest in Co-Op. To further create the appearance of legitimacy, defendants publicized the fact that prominent local individuals were investing in Co-Op. They also advertised that some off-duty New Jersey State Troopers provided security at investment meetings in return for cash and membership in Co-Op.
The scheme was operated through the use of charts. A complicated system existed whereby a chart would be provided on several occasions while the investor was ascending toward the top. This allowed the defendants to disguise the fact that the bottom line actually contained 64 participants. Defendants maintained exclusive possession of the charts and manipulated the positions on the charts so that they were able to keep profits that should have been paid to unknowing winners. Also, unbeknownst to the legitimate investors, defendants included in the Co-Op charts fictitious names whose "profits" would actually be shared by defendants and their fellow conspirators. Over 2,000 persons invested more than one million dollars in Co-Op. On March 17, 1981, an injunction was issued prohibiting Co-Op from continuing operations in New Jersey. Defendants transferred all records of Co-Op from New Jersey to Illinois where a similar scheme was immediately established.
After the guilty pleas were entered, defendants remained in the Ocean County Jail because they had not posted pretrial bail. See R. 3:21-4(a). Defendants were sentenced on August 1, 1985. At the time of sentencing, the judge stated "[T]he sentences will not be final for ten days, to give the  allow the State to appeal if it wishes. The sentences will be effective Monday, August 12th." Lois Sanders' counsel then asked *604 whether his client needed to remain incarcerated during the time in which the State had to file its appeal. The judge replied, "the status quo stays for ten days.... And when they [the State] do[es] [appeal], you may make application for bail at that time."
The State filed its notice of appeal on August 8, 1985. Another judge heard a motion for bail pending appeal on August 13, 1985 and set bail for each defendant at $5,000 without a 10% cash deposit in lieu of bail. In the judgment of conviction, Lois Sanders was given a credit of 314 days. The presentence report shows Donald Sanders had been incarcerated since December 1, 1984, thus entitling him to a credit of 245 days. On August 22, 1985, the Appellate Division ordered Lois Sanders "be released on her own recognizance subject to a $5,000 recognizance bond pending appeal." The brief filed on behalf of Donald Sanders states that "[o]n August 22, 1985, the defendant was taken to California on a detainer, where he was finally released from custody."
The State has appealed pursuant to N.J.S.A. 2C:44-1f(2) and it contends that the probationary sentences imposed are too lenient in that they violated the guidelines established in the New Jersey Code of Criminal Justice, and cases construing the Code. The defendants argue that the State's appeal should be dismissed because the sentences were partially executed before they were released from custody.
The State's appeal in this case is based upon the provisions of N.J.S.A. 2C:44-1f(2), which provides:
... if the court imposes a non-custodial or probationary sentence upon conviction for a crime of the first or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution.
The State, however, loses this statutory right of appeal unless the sentence is stayed prior to execution thereof in whole or in *605 part. State v. Farr, 183 N.J. Super. 463, 470-472 (App.Div. 1982), certif. den. 97 N.J. 689 (1984).
It is clear that the State filed its notice of appeal within the 10 days required by the statute. It is also clear that when the sentencing judge said the sentences would not become final for 10 days in order to give the State time in which to appeal, he intended to grant a stay of the sentences in accordance with R. 2:9-3(d). Since the decision in State v. Ryan, 86 N.J. 1 (1981), cert. den., 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981), R. 2:9-3(d) has been amended to make an appeal by the State pursuant to N.J.S.A. 2C:44-1f(2) meaningful by not violating double jeopardy principles. One of those changes has substantial impact upon the decision we reach today.
Prior to the 1981 amendment to R. 2:9-3(d), the rule provided that (1) "execution of sentence may be stayed pending appeal by the State" and (2) "bail pursuant to Rule 2:9-4 may be established as appropriate under the circumstances." [Emphasis added]. Since the amendments in 1981, the rule provides that (1) "execution of sentence shall be stayed pending appeal by the State," and (2) "bail pursuant to Rule 2:9-4 shall be established as appropriate under the circumstances." [Emphasis added]. Thus the 1981 Amendment made both a stay and the fixing of bail pending an appeal by the State mandatory rather than discretionary. Unlike Farr, the judge in the present case granted a stay, but he did not set bail immediately.
The State argues that the pretrial bail status survived the sentencing. We disagree. The pretrial bail which was fixed pursuant to R. 3:26-1(a) was never posted. The purpose of the pretrial bail was to insure the presence of the defendants in court when required. R. 3:26-1(a); State v. Casavina, 163 N.J. Super. 27, 29 (App.Div. 1978). The last required court appearance was for sentencing and both defendants appeared and were sentenced. Upon the entry of the judgment of conviction on the record, the purpose of the pretrial bail was *606 satisfied. Consequently, the pretrial bail was discharged upon the oral entry of the judgment of conviction. R. 3:26-4(e).
Even though the plain language of R. 2:9-3(d) mandates the establishment of bail "[w]hether the sentence is custodial or non-custodial" when the State appeals pursuant to N.J.S.A. 2C:44-1f(2), the rule does not specifically state when the bail must be established. We interpret the rule to require that bail be set immediately after the sentence is imposed. Unless the stay is granted and bail established immediately the purpose of a stay loses its meaning  which is to preclude execution of the sentence. Here, despite the request by defense counsel to release Lois Sanders after she had been sentenced, no post-conviction bail was established until the thirteenth day following the sentencing. Both defendants remained incarcerated during the thirteen day period and beyond. We are therefore persuaded that both defendants partially executed their sentences during their incarceration between August 1, 1985 and August 13, 1985. Defendants were never informed that they could make an election under R. 2:9-3(d). Hence, defendants have not waived their right to assert double jeopardy as a bar to enhancement of their sentences. State v. Williams, 203 N.J. Super. 513, 518 (App.Div. 1985).
The purpose of the State's appeal is to seek an increase in the sentences as permitted by State v. Rodriguez, 97 N.J. 263, 270 (1984). Even though the second degree theft does not carry a presumption of incarceration because the crime occurred prior to the September 21, 1981 amendment to N.J.S.A. 2C:44-1d, L. 1981, c. 290, § 40, we are completely satisfied that the probationary sentences imposed were much too lenient and represent an abuse of discretion. While the sentences are not illegal, they clearly violate the strictures of the Code and the guidelines articulated in State v. Roth, 95 N.J. 334 (1984), and State v. Hodge, 95 N.J. 369 (1984) in that the judge found that the aggravating factors outweighed the mitigating factors and that there was a need for incarceration. We are nonetheless *607 constrained to hold that the double jeopardy clauses of the federal and state constitutions would be violated if an increase in the sentences were now permitted. See United States v. DiFrancesco, 449 U.S. 117, 138, 101 S.Ct. 426, 438, 66 L.Ed.2d 328, 346 (1980), on remand, 658 F.2d 33 (2d Cir.1981); State v. Ryan, supra, 86 N.J. 10; State v. Laird, 25 N.J. 298, 306-307 (1957); State v. Farr, supra, 183 N.J. Super. at 471-472. Here, jeopardy attached when the sentences were executed partially before bail[1] was established. Even though the judge attempted to stay the sentences, the good faith efforts of the judge in the circumstances of this case cannot foreclose operation of double jeopardy principles. See State v. Watson, 183 N.J. Super. 481, 484 (App.Div. 1982). Because the sentences cannot be increased without violating defendants constitutional right not to be twice placed in jeopardy, the State's appeal must be dismissed.
We have considered the issues raised in defendants cross appeals and the arguments advanced in support of them and find they are clearly without merit. R. 2:11-3(e)(2). See also State v. Diaz, 188 N.J. Super. 504, 508-509 (App.Div. 1983).
The State's appeal is dismissed. The judgments of conviction are affirmed.
NOTES
[1] R. 2:9-3(d) mandates that bail be established pursuant to the standard set forth in R. 2:9-4. R. 2:9-4 provides that in fixing bail after conviction and pending an appeal, the judge must be satisfied that (1) a substantial (legal) question exists for appellate review, and (2) defendant poses no threat to the safety of any person or the community. While it did not occur in the present case, conceivably under R. 2:9-4 standards a defendant who committed a violent crime such as rape or robbery could be denied the bail required by R. 2:9-3(d) to be established. A proper denial of bail under R. 2:9-4 standard may be in serious conflict with an effective stay of sentence pursuant to R. 2:9-3(d). We recommend that the Criminal Practice Committee study the problem and consider changing the standard for bail pursuant to R. 2:9-3(d) to the same standard required for pretrial bail, namely, R. 3:26-1(a).