**STATE**

v.

**Francisco ZORILLO.**

**No. 88–575–M.P.**

Supreme Court of Rhode Island.

Nov. 15, 1989.

James E. O'Neil, Atty. Gen., Providence, Jeffrey J. Greer, Asst. Atty. Gen., for plaintiff.

William A. DiMitri, Jackvony & DiMitri, Providence, for defendant.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

OPINION

MURRAY, Justice.

The Rhode Island District Court has certified this criminal action to this court for determination of questions of law regarding the constitutionality of G.L.1956 (1981 Reenactment) § 12–13–23, as enacted by P.L.1988, ch. 396, § 1. This statute allows the court to order bail-source hearings after bail has been or is about to be posted by the defendant. The questions arise from the defendant's challenge of the statute. He argues that the statute is unconstitutional in that it shifts the burden of proof in a criminal proceeding from the state to the defendant in violation of the Rhode Island Constitution. We agree and find that § 12–13–23 is unconstitutional under the Rhode Island Constitution, article I, section 14. As this finding disposes of the issue, we need not address the other questions certified to this court.

The facts of this case are undisputed. On October 24, 1988, defendant, Francisco Zorillo, was arrested at the T.F. Green Airport and charged with illegal possession of a controlled substance, assault and battery, and malicious damage to public property. At his arraignment on October 25 defendant gave Tucson, Arizona as his permanent address. He claimed to be employed in Arizona as a laborer. The court also determined that defendant, his wife, and his children are illegal aliens from Mexico, who have applied for permanent residence in the United States.

The court set bail at $250,000 with surety and the state immediately requested a bail-source hearing pursuant to § 12–13–23. This statute provides:

"Any judicial officer may upon the motion of the state conduct a hearing into the source of money posted for any person who has been released or is about to be released on surety bail or cash.

"If, after hearing, the party who has posted or is about to post bail or has furnished a fee, money or other consideration to another person who has posted or is about to post bail cannot establish to the satisfaction of the court by clear and convincing evidence that the source of money is from a legal enterprise the court need not accept the bail."

The court granted the motion and subsequently scheduled the hearing for November 3, 1988. At the hearing defendant objected to the proceeding and asked the court to declare § 12–13–23 unconstitutional.

After presentation of written memoranda and oral argument on November 10, 1988, defendant and the state concurred with the District Court judge that the issues presented should be certified to this court for resolution. On December 12, 1988, the judge entered an order certifying the following questions:

"1. Whether Rhode Island General Law § 12–13–23 places an unconstitutional burden on the person posting the bail and/or the surety to prove that he or she did not commit a crime in acquiring the funds to be used to provide bail, in violation of the 5th Amendment to the United States Constitution and Article 1, Section 13, of the Rhode Island Constitution, in that it fails to protect said person's right against self-incrimination.

"2. Whether the statute, on its face, is vague and ambiguous and, thus, violative of the United States Constitution, Amendment 14, Section 1 and of the Rhode Island Constitution, Article 1, Section 2, in that:

a) Although the State, pursuant to the statute, is technically the movant in the proceeding, the statute, in fact, requires that the person or persons posting bail have the burden of proving to the Court that the money being utilized for bail is for a 'legal enterprise' by 'clear and convincing evidence.'

b) Said statute offers no guidelines to the Court as to who has the actual burden of going forward at a hearing held pursuant to the statute.

c) The statute allows the State to arbitrarily and capriciously make a bail source hearing request without any preliminary showing of its reasons for questioning the source of the Defendant's bail.

d) The term 'legal enterprise' is without definition and is, therefore, ambiguous and unclear in its meaning and the statute fails to provide a standard of guidance to the Court by which to apply said term.

"3. [Whether t]he statute is unconstitutional, in that it shifts the burden of proof in a criminal proceeding from the State to the Defendant, in violation of the United States Constitution, Amendment 5 and of the Rhode Island Constitution, Article 1, Section 14."

The defendant's surety bail was conditionally accepted pending a decision by this court.

 Under the Rhode Island Constitution, art. I, sec. 9, defendants have a constitutional right to bail unless "proof of guilt is evident or the presumption great." *Taglianetti v. Fontaine*, 105 R.I. 596, 600, 253 A.2d 609, 611 (1969).[1] This court places the burden of proving that a defendant's bail should be denied on the state.

---

1. Rhode Island Constitution article I, section 9: "Right to bail—Habeas corpus.—All persons imprisoned ought to be bailed by sufficient surety, unless for offenses punishable by imprisonment for life or for offenses involving the use or threat of use of a dangerous weapon by one already convicted of such an offense or already convicted of an offense punishable by imprisonment for life or for an offense involving the unlawful sale, distribution, or delivery of any controlled substance punishable by imprisonment for ten years or more, when the proof of guilt is evident or the presumption great. Nothing in this section shall be construed to confer a right to bail, pending appeal of a conviction. The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion, the public safety shall require it; nor ever without the authority of the general assembly."

When the burden of proof is placed on the state, the presumption of a defendant's innocence is secured. R.I. Const. art. I, sec. 14. Even if the defendant falls within one of those limited exceptions that allow the trial judge to deny bail, the judge may still grant bail within his or her discretion. *Fountaine v. Mullen,* 117 R.I. 262, 268, 366 A.2d 1138, 1142–43 (1976).

 Under the challenged statute, § 12–13–23, once a defendant has been deemed entitled to bail, a second phase of the determination is instituted in order to discover the source of the proposed bail money. The defendant at this phase theoretically need not address the issues of the underlying crime. The focus at this phase is on the legality or illegality of the source of bail money. The burden is nonetheless placed on the defendant during this second phase to "establish to the satisfaction of the court * * * that the source of money is from a legal enterprise * * *." Section 12–13–23.

The state argues that the burden of proof is not placed on the defendant during phase 2 of the bail source hearing under § 12–13–23. Instead, according to the state, the judge has complete discretion to decide whether to release or to hold the defendant, regardless of whether the defendant speaks. Although it is well settled that this court will presume a statute's constitutional validity, "[i]n interpreting a statute, the court first must give the statutory language its plain and ordinary meaning." *State v. Markarian,* 551 A.2d 1178, 1180 (R.I.1988) (citing *McGee v. Stone,* 522 A.2d 211, 216 (R.I.1987), and *State v. Gonsalves,* 476 A.2d 108, 110 (R.I.1984)). In reviewing the plain language of the statute, we find that the statute clearly places the burden on the defendant to show the validity of the source of bail.

The state as moving party need not sustain any burden in requesting a bail-source hearing. In this way the statute differs markedly from N.Y. Crim. Proc. Law § 520.30, which requires the district attorney to show "reasonable cause" in order to initiate an inquiry into the source of bail funds. Instead, the defendant must prove the legality of the bail "by clear and convincing evidence" after the judge in his or her discretion has already allowed bail.

In placing the burden of proof on the defendant, § 12–13–23 violates the Rhode Island Constitution, art. I, sec. 14. The defendant should not be required to sustain the burden of proving the purity of the source of the bail money as soon as the bail-source hearing is granted. Under the statute the bail-source hearing only occurs after the state has failed to sustain its burden of proof in the first phase and bail is granted. Once the state fails to sustain its burden in phase 1 of the proceeding, the defendant's bail may then be revoked in phase 2. If the burden of proof could shift merely by requesting a bail-source hearing, then the burden of proof on the state at phase 1 of the bail determination is nullified.

Although we find that § 12–13–23 is unconstitutional, none of the above discussion is intended to suggest that the trial judge is not permitted to inquire into the source of bail at the first phase of the bail hearing. Assuming that the setting of bail is discretionary and not required, the trial judge may inquire into the source of bail funds in order to secure an accused person's presence in court. *See State v. Abbott,* 113 R.I. 430, 432, 322 A.2d 33, 35 (1974). We merely disallow a second inquiry into the source of bail funds that places the burden of proof on a defendant.

Accordingly we answer the District Court's certified question number 3 in the affirmative.[2] Section 12–13–23 is unconstitutional under the Rhode Island Constitution art. I, sec. 14. The case is hereby remanded to the District Court for further proceedings.

---

**2.** Although we note that question number 3 asks us to consider G.L.1956 (1981 Reenactment) § 12–13–23, as enacted by P.L.1988, ch. 396, § 1 in light of the Fifth Amendment to the United States Constitution, we offer no opinion on the statute's constitutionality under the Federal Constitution.